UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID MARSHALL CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-287 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| UNKNOWN TREVINO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and ordered Plaintiff to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

  I.  Factual allegations

Plaintiff is incarcerated in the Riverside Correctional Facility, but he complains of an incident he alleges took place while he was housed at the Carson City Correctional Facility. In his *pro se* complaint, Plaintiff sues Carson City Warehouse Person (Unknown) Trevino, Carson City Office Supervisor (Unknown) Dutcher, and Michigan Department of Corrections Director Patricia Caruso.

Plaintiff alleges that in February 2004, Defendants intentionally delayed delivery of a letter to Plaintiff from the Michigan Supreme Court, causing Plaintiff to miss a filing deadline. Plaintiff claims that Defendant Trevino received the letter on February 5, 2004, but Defendant Dutcher did not deliver it to Plaintiff until February 19, 2004. Plaintiff argues that because the letter contained a February 17, 2004, filing deadline, the fact that he did not receive it until February 19, 2004, impeded his right to access the courts under the First Amendment. He claims Defendant Caruso is "ultimately responsible" for the delay in delivery, and for "failing to insure that the grievance procedure is conducted honestly and timely." For relief, Plaintiff requests $1.4 million in actual, punitive, and "special" damages.

II.     Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his complaint, Plaintiff argues that Defendants violated his First Amendment right to access the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Prisoners must be provided with a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id*. at 825. An indigent prisoner's constitutional right to access the courts is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v.*

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Plaintiff alleges and shows that he filed two separate grievances and pursued them through Step III of the prison grievance process. Therefore, it appears that Plaintiff satisfied the exhaustion requirement. Even if Plaintiff had failed to properly exhaust, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

*Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff's argument that Defendants' delayed delivery of the letter impeded his access to the courts is without merit. In the letter, the Michigan Supreme Court pointed out to Plaintiff that he had until February 17, 2004, to appeal a Michigan Court of Appeals decision. Plaintiff received the letter on February 19, 2004, two days after the deadline. Plaintiff nonetheless filed an application for leave to appeal in the Michigan Supreme Court on May 25, 2004. (Mich. Ct. App. No. 246967, Docket #26).[2] Despite the fact that it was filed over three months after the deadline set forth in the letter, the Michigan Supreme Court deemed Plaintiff's application "timely." (*Id.*). Because his application was deemed timely by the Michigan Supreme Court, Plaintiff has not suffered any "actual injury" to his efforts to pursue a legal claim. He therefore fails to state an

---

[2] This Court may take judicial notice of matters of public record. *See Wyser-Pratt Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citation omitted).

access to the courts claim under the First Amendment.[3]  The Court therefore will dismiss Plaintiff's complaint for failure to state a claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

---

[3] Plaintiff's allegations against Defendant Caruso fail to state a claim on two additional bases.  His argument that Caruso is "ultimately responsible" for the delay in delivery of his mail fails because an alleged constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Id*.; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citation omitted); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993). Plaintiff's argument that Caruso "fail[ed] to insure that the grievance procedure is conducted honestly and timely" fails because there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998).  Additionally, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:     May 31, 2006               /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE